Filed 12/17/19

**<u>CERTIFIED FOR PUBLICATION</u>**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| VISALIA UNIFIED SCHOOL DISTRICT,<br><br>  Petitioner,<br><br>  v.<br><br>THE SUPERIOR COURT OF TULARE COUNTY,<br><br>  Respondent;<br><br>NATALIE HARLAN,<br><br>  Real Party in Interest. | F077032<br><br>(Super. Ct. No. 271531)<br><br>**OPINION** |

ORIGINAL PROCEEDINGS; petition for a writ of mandate to challenge an order of the Superior Court of Tulare County, Bret D. Hillman, Judge.

McCormick, Barstow, Sheppard, Wayte & Carruth, Steven M. McQuillan, Todd W. Baxter and Laura A. Wolfe for Petitioner.

No appearance for Respondent.

Todd B. Barsotti and Peter Sean Bradley for Real Party in Interest.

-ooOoo-

Real party in interest, Natalie Harlan, filed suit against petitioner Visalia Unified School District (VUSD) and two individual defendants for, inter alia, retaliation in violation of the Reporting by School Employees of Improper Governmental Activities

Act (Ed. Code, §§ 44110–44114; hereafter the "Act").[1]  In addition to compensatory damages, Harlan seeks punitive damages against all three defendants under section 44114, subdivision (c), which allows for the award of punitive damages against "person[s]"—as that term is defined by section 44112, subdivision (d)—whose acts are proven to be malicious.

VUSD moved to strike the punitive damage allegations from the complaint as to VUSD on the ground that it, as a public entity, is immune from the imposition of punitive damages under Government Code section 818.  The trial court denied the motion, holding that the Act supersedes Government Code section 818.

This petition for a writ of mandate requires us to determine whether punitive damages may be imposed against school districts sued under the Act.  We hold Government Code section 818 prohibits the imposition of punitive damages against school districts sued under the Act, and the trial court therefore erred in denying the motion to strike the punitive damage allegations as to VUSD from the complaint.  Accordingly, we direct the trial court to strike the punitive damage allegations as to VUSD from the complaint.

### BACKGROUND

Natalie Harlan was a special education program manager for VUSD before losing her job in 2017.  She claims she lost her job because she refused instructions from Cara Peterson, a co-director of special education, to backdate certain documents.  Harlan reported the issue to Kim Paz, another co-director of special education, and was thereafter notified that VUSD was not going to re-elect her to her position as a special education program manager for the next school year.  Her last day of employment was approximately June 23, 2017.

---

[1] All statutory references are to the Education Code unless otherwise noted.

2.

On October 20, 2017, Harlan filed a complaint in Tulare County Superior Court against VUSD, Paz, and Peterson for retaliation in violation of the Act and other causes of action. In addition to compensatory damages, Harlan's complaint seeks punitive damages against all three defendants under section 44114, subdivision (c).

*The Act*

Section 44113, subdivision (a) prohibits a public school employee from using his or her official authority or influence to retaliate against "any person for the purpose of interfering with the right of that person" to make an Act-protected disclosure.[2] An offended party may sue a public school employee who violates subdivision (a) for civil damages. (§ 44113, subd. (b).).

Section 44114, subdivision (c) provides that, in addition to compensatory damages, "[a] person who intentionally engages in acts of … retaliation …" shall be liable for punitive damages if his or her acts are malicious.[3] A "person," for purposes of

---

[2] Section 44113, subdivision (a) provides: "An employee may not directly or indirectly use or attempt to use the official authority or influence of the employee for the purpose of intimidating, threatening, coercing, commanding, or attempting to intimidate, threaten, coerce, or command any person for the purpose of interfering with the right of that person to disclose to an official agent matters within the scope of this article."

[3] Section 44114, subdivisions (b) and (c) provide: "(b) A person who intentionally engages in acts of reprisal, retaliation, threats, coercion, or similar acts against a public school employee or applicant for employment with a public school employer for having made a protected disclosure is subject to a fine not to exceed ten thousand dollars ($10,000) and imprisonment in the county jail for a period not to exceed one year. Any public school employee, officer, or administrator who intentionally engages in that conduct shall also be subject to discipline by the public school employer. If no adverse action is instituted by the public school employer and it is determined that there is reasonable cause to believe that an act of reprisal, retaliation, threats, coercion, or similar acts prohibited by Section 44113 occurred, the local law enforcement agency may report the nature and details of the activity to the governing board of the school district or county board of education, as appropriate.

"(c) In addition to all other penalties provided by law, a person who intentionally engages in acts of reprisal, retaliation, threats, coercion, or similar acts against a public school employee or applicant for employment with a public school employer for having made a

3.

the Act, includes "any state or local government, or any agency or instrumentality of any of the foregoing." (§ 44112, subd. (d).)

### *The Motion to Strike*

On December 13, 2017, all three defendants filed a motion to strike the claim for punitive damages.[4] VUSD claimed punitive damages were barred against it under Government Code section 818, which provides: "Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."

In reply, Harlan argued it was the Legislature's clear intent that the Act supersede Government Code section 818 because the Act contrasts with that statute and was enacted later in time. The statutes are contrasting, according to Harlan, because Government Code section 818—enacted in 1963—bars punitive damage awards against public entities, whereas section 44114, subdivision (c) of the Act—enacted in 2000— permits punitive damage awards against " 'persons' who violate the Act, with 'person' being defined to include 'state or local government.' " Thus, Harlan concludes the Legislature clearly intended the Act to supersede Government Code section 818.

On January 23, 2018, respondent court denied the motion as to all defendants. As to VUSD, the court ruled as follows:

> "VUSD contends that it is immune from liability for punitive damages under Government Code § 818 that provides 'Notwithstanding any other provision of law, a public entity is not liable for damages

---

protected disclosure shall be liable in an action for damages brought against him or her by the injured party. Punitive damages may be awarded by the court where the acts of the offending party are proven to be malicious. Where liability has been established, the injured party shall also be entitled to reasonable attorney's fees as provided by law. However, an action for damages shall not be available to the injured party unless the injured party has first filed a complaint with the local law enforcement agency."

[4] Paz and Peterson are not parties to this petition.

awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant.'

"Government Code § 818 was enacted in 1963 and is part of the Government Claims Act.  (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 742.)  But the Act was enacted in 2000 and does provide that punitive damages are available against 'persons' who violate the Act, with 'person' being defined to include 'state or local government.'  Thus, it clearly appears that the legislative intent was that the Act would supersede Government Code § 818.

"This conclusion—that the Act supersedes limitations in the Government Claims Act—was clarified in the *Conn* [*v. Western Placer Unified School Dist*. (2010) 186 Cal.App.4th 1163, 1175 (*Conn*]* case where one of the issues before the Court was whether the actions of the individual defendants were immunized under Government Code § 820.2 of the Government Claim Act as involving the exercise of discretion by the supervising defendants.  Here, the *Conn* court ruled that 'We shall further conclude that Government Code section 820.2 is superseded by section 44113, which limits the discretion of supervisory authorities to act in violation of the Act, and thus the trial court erred in finding the individual defendants were entitled to immunity for discretionary acts under Government Code section 820.2.' "

On February 20, 2018, VUSD filed this petition challenging the denial of the motion to strike.

## DISCUSSION

### A.    Standard of Review for Motion to Strike

The denial of a motion to strike punitive damage allegations is reviewed de novo. (*Cryolife, Inc. v. Superior Court* (2003) 110 Cal.App.4th 1145, 1157.)  "Because we review the trial court's decision de novo, we do not defer to the trial court's ruling or reasons for its ruling.  Instead, we decide the matter anew."  (*Stone Street Capital, LLC v. California State Lottery Commission* (2008) 165 Cal.App.4th 109, 116.)

### B.    Statutory Interplay

Government Code section 818, enacted in 1963, bars the imposition of punitive damages against "public entities," and applies "[n]otwithstanding any other provision of

5.

law." School districts are no doubt public entities and thus within the purview of the statute. (*Butt v. State of California* (1992) 4 Cal.4th 668, 681.)

The Act allows for the recovery of punitive damages against "person[s]" who act maliciously in violating its provisions. Respondent court ruled, and Harlan herein maintains, that school districts are "person[s]" within the meaning of the Act and are therefore subject to punitive damages.[5] However, we need not decide in this proceeding whether school districts are "person[s]" under the Act. The narrow issue before us is whether a school district may be held liable for punitive damages under the Act. As we will explain, our conclusion that Government Code section 818 has not been superseded and therefore bars the imposition of punitive damages against school districts sued under the Act renders the meaning of "person" under the Act irrelevant here.

The controlling issue before us is the interplay between the Act and Government Code section 818. Respondent court held the Act "supersedes" Government Code section 818 because the former was enacted after the latter and the two statutes contrast. That is to say, respondent court views the Act as impliedly repealing Government Code

---

[5] VUSD contends—separately from its argument that it is immune from punitive damages under Government Code section 1818—that school districts are not "person[s]" under the Act. VUSD offers several arguments in support of this contention, one of which is that school districts are exclusively "public school employer[s]" under the Act, not "person[s]." VUSD notes that although the Act defines "person" to include "any agency or instrumentality" of "any state or local government," the term "public school employer" is specifically defined to include "school districts." (§ 44112, subds. (d) & (f).) Thus, since the terms "public school employer" and "person" were defined separately and "school districts" were specifically included in the definition of the former but not the latter, the Legislature must have intended for school districts to be "public school employer[s]" and not "person[s]" under the Act. VUSD also suggests that the Legislature could have included the term "public school employer" in the definition of "person," but chose not to do so. Although not essential to our conclusion, we note that VUSD presented other arguments why it is not subject to punitive damages under the Act, in addition to the controlling argument that Government Code section 818 bars their imposition.

section 818, insofar as Government Code section 818 affects the Act.  This holding, however, is inconsistent with the established legal principles on implied repeals.

"When a later statute supersedes or substantially modifies an earlier law but without expressly referring to it, the earlier law is repealed or partially repealed by implication." (*Sacramento Newspaper Guild v. Sacramento County Bd. of Sup'rs* (1968) 263 Cal.App.2d 41, 54 (*Sacramento Newspaper*).)  Since the Act contains no express repeal language, the issue is whether it accomplishes a repeal of Government Code section 818 by implication.  The courts assume the Legislature in enacting a statute " 'was aware of existing related laws' " and " 'intended to maintain a consistent body of rules.' " (*In re R.G.* (2019) 35 Cal.App.5th 141, 146.)  Thus, " 'all presumptions are against a repeal by implication.' " (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 476.) "Absent an express declaration of legislative intent, an implied repeal will be found 'only when there is no rational basis for harmonizing the two potentially conflicting statutes [citation], and the statutes are "irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation." ' " (*Id.* at p. 477.)  "[T]he courts are bound to maintain the integrity of both statutes if they may stand together." (*Sacramento Newspaper,* at p. 54.)  The stringent standards for finding an implied repeal are "designed to act as a legal bulwark against judicial trespass into the legislative province." (*Medical Bd. of California v. Superior Court* (2001) 88 Cal.App.4th 1001, 1005.)  "Also relevant when the seeming inconsistencies appear in separate codes is the rule declaring that the codes blend into each other and constitute a single statute for the purposes of statutory construction." (*Sacramento Newspaper,* at p. 55.)

Using the above standards, we find there was not an implied repeal.  Government Code section 818 employs the phrase "Notwithstanding any other provision of law," which is a "very comprehensive phrase[] [that] signals a broad application overriding all other code sections unless it is specifically modified by use of a term applying to only a particular code section or phrase." (*In re Marriage of Cutler* (2000) 79 Cal.App.4th 460,

7.

475.)  To say the Act supersedes Government Code section 818's bar on punitive damages merely because the two statutes conflict on a subject and the Act was passed later in time, would be to omit the phrase "Nothwithstanding any other provision of law" from Government Code section 818.  We presume, as we must, the Legislature was aware of Government Code section 818 when it ratified the Act.  When the Act and Government Code section 818 are read in conjunction, they correlate perfectly to mean that punitive damages may, under section 44114, subdivision (c), be imposed against all "persons," except public entities.

Moreover, Government Code section 818 has been a fundamental part of California tort and public entity liability law since its 1963 enactment.  There are strong public policy underpinnings for a ban on awarding punitive damages against public entities.  "Requiring … public entit[ies] to pay punitive damages would punish the very group imposition of punitive damages was intended to benefit"—the taxpaying members of the general public.  (*City of Sanger v. Superior Court* (1992) 8 Cal.App.4th 444, 450.) We are not persuaded the Legislature would have silently decided to depart from Government Code section 818 when such important public policy concerns are involved. (*In re Christian S.* (1994) 7 Cal.4th 768, 782.)  Instead, we are confident that had the Legislature intended to create an exception to Government Code section 818 in the Act, it would have expressly done so.

Insurance Code section 11873 is the only example we find of the Legislature creating an exception to Government Code section 818.  Insurance Code section 11873 was enacted in 1979 as part of legislation that substantially amended the statutes governing the State Compensation Insurance Fund (SCIF).  (*Courtesy Ambulance Service v. Superior Court* (1992) 8 Cal.App.4th 1504, 1512 (*Courtesy Ambulance*).) Subdivision (a) of Insurance Code section 11873 reads:  "Except as provided by subdivision (b), the fund shall not be subject to the provisions of the Government Code made applicable to state agencies generally or collectively, unless the section specifically

8.

names the fund as an agency to which the provision applies." (Ins. Code, § 11873, subd. (a).) Government Code section 818 is not one of the specific statutory exceptions listed in Insurance Code section 11873, subdivision (b). Thus, the plain language of Insurance Code section 11873, subdivision (a), makes it clear that the statutory intent was "to repeal those sections of the Government Code not excepted, insofar as they affected SCIF." (*Courtesy Ambulance,* at p. 1518.) Here, the Act does not contain an express exception to Government Code section 818.

1.    **Trial Court's Reliance on** *Conn v. Western Placer Unified School District*

Respondent court and Harlan cite *Conn, supra,* 186 Cal.App.4th 1163 to support the proposition that section 44114, subdivision (c) supersedes Government Code section 818. However, that case did not involve either section 44114 or Government Code section 818, and it offers no support for the proposition. In *Conn,* a former probationary teacher sued the school district and several employees for retaliation under section 44113, subdivision (a), which prohibits public school employees from using their positions of authority to retaliate against persons who make protected disclosures. The trial court entered a directed verdict on that cause of action, concluding that the individual defendants were management employees exempt from liability under section 44113 and were entitled to immunity for discretionary acts under Government Code section 820.2.[6] (*Id.* at p. 1167.)

The issue on appeal, as relevant to the instant case, was whether Government Code section 820.2 was superseded by section 44113 of the Act. The Court of Appeal held:

---

[6] Government Code section 820.2 reads: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

9.

"Government Code section 820.2 provides for the discretionary immunity of the act or omission of a public employee only where 'the act or omission was the result of the exercise of the discretion vested' in the employee. A supervisory employee has no discretion, vested or otherwise, under the Act to recommend the removal of a teacher in violation of section 44113. Thus section 44113 is a statute which provides 'otherwise' than Government Code section 820.2." (*Id.* at p. 1178.)

The Court of Appeal held that section 44113 supersedes Government Code section 820.2, and reversed the trial court on that ground.

The issue in *Conn* exclusively involved the relationship of section 44113 and Government Code section 820.2; no other sections of either the Act or the Government Claims Act (Gov. Code, §§ 810–996.6) were involved. The only mention of section 44114 in *Conn* was the Court of Appeal's comment that school districts are liable under section 44114, subdivision (c), not section 44113. This comment, however, says nothing about whether school districts are liable for punitive damages under section 44114, or any other provision of the Act.

*Conn*'s holding that section 44113 supersedes Government Code section 820.2 is limited. *Conn* certainly does not hold that the Act generally supersedes the Government Claims Act. Furthermore, the difference in language employed by Government Code sections 818 and 820.2 is semantically important. Government Code section 818 begins with "Notwithstanding any other provision of law," indicating that it controls over conflicting statutes, whereas Government Code section 820.2 begins with "Except as otherwise provided by law," indicating that it yields to conflicting statutes. Therefore, a comparison of these two Government Code sections and their respective interactions with the Act is inapposite.

The issues and analysis of *Conn* are not germane to the issue before us. The issue here—whether section 44114, subdivision (c) supersedes Government Code section 818—was simply not before the *Conn* court.

## DISPOSITION

Let a peremptory writ of mandate issue directing the trial court (1) to set aside the portion of its order denying the defendants' motion to strike Harlan's claim for punitive damages with respect to VUSD, and (2) to modify its order and strike the punitive damages claim with respect to VUSD. The remainder of the trial court's original order denying the motion to strike with respect to Paz and Petersen remains unaffected. Parties to bear their own costs on appeal.


_____
SNAUFFER, J.

WE CONCUR:


_____
PEÑA, Acting P.J.


_____
MEEHAN, J.

11.